UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ANTWAN ARTIS,

        Plaintiff,　　　　　　　　　　　　　　Hon. Jane M. Beckering

v.　　　　　　　　　　　　　　　　　　　　Case No. 1:25-CV-998

ADAM BAYLIS, et al.,

        Defendants.
_____/

## OPINION

Plaintiff initiated this action against: (1) Enterprise Holdings, Inc.; (2) City of Grand Rapids; (3) Kent County; (4) Detective Adam Baylis; (5) Officer Connor Wood; (6) Assistant Prosecutor Gerard Faber, Jr.; and (7) Enterprise employee Christian Flombacher.  (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  For the reasons articulated herein, the Court will dismiss Plaintiff's complaint, save two claims against Defendant Baylis.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

   I.   **Factual Allegations**

In his complaint, Plaintiff alleges the following. On March 31, 2025, Defendant Baylis, based on false information provided by Enterprise, secured an arrest warrant

against Plaintiff for alleged failure to return rental property.[1]  Plaintiff was later arrested and "jailed under this false warrant."  Plaintiff advances four claims for violation of his federal rights: (1) unlawful seizure; (2) malicious prosecution; (3) excessive force and denial of medical treatment; and (4) defamation.

## II.  Defendant Baylis

With respect to Defendant Baylis, Plaintiff alleges that Baylis "swore out" a "false warrant" which resulted in his arrest.  These allegations are insufficient to sustain claims for excessive force or denial of medical treatment.  Accordingly, such claims must be dismissed.  Plaintiff also asserts claims under federal law for defamation.  He fails to state a claim, however, as there does not exist a cause of action under federal law for defamation.  *See Al Qassimi Academy v. Abuhaltam*, 2023 WL 10553180 at *2 (W.D. Mich., Dec. 4, 2023) (collecting cases).  Thus, these claims must also be dismissed.

The Court reaches a different conclusion with respect to Plaintiff's claims of unlawful seizure and malicious prosecution.  While Plaintiff's complaint is brief, he clearly alleges that Defendant Baylis secured his arrest pursuant to a warrant obtained on the basis of false information.  Plaintiff further alleges that the criminal charges against him were dismissed due to a lack of incriminating evidence.  Such is sufficient,

---

[1] In a separate action, filed the same day, Plaintiff alleged that on or about February 17, 2025, a "vehicle was rented [from Enterprise] under Plaintiff's name with an incorrect driver's license number."  *See Artis v. Baylis*, Case No. 1:25-cv-999, ECF No. 1 (W.D. Mich).

3

at this juncture, to state claims for unlawful seizure and malicious prosecution. Accordingly, the Court orders that these claims be served and proceed forward.

### III. Remaining Defendants

With respect to the remaining Defendants, Plaintiff's complaint contains absolutely no factual allegations. Having failed to allege any facts which, even if accepted as true, would entitle him to relief against the remaining Defendants, such claims will be dismissed for failure to state a claim.

### CONCLUSION

For the reasons discussed herein, the Court dismisses Plaintiff's claims against Defendants (1) Enterprise Holdings, Inc.; (2) City of Grand Rapids; (3) Kent County; (4) Connor Wood; (5) Gerard Faber, Jr.; and (6) Christian Flombacher for failure to state a claim. The Court further dismisses Plaintiff's excessive force, denial of medical treatment, and defamation claims against Defendant Baylis for failure to state a claim. However, the Court finds that Plaintiff's unlawful seizure and malicious prosecution claims against Defendant Baylis must be served and proceed forward. The Court further finds that an appeal of this determination would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An Order consistent with this Opinion will enter.

Dated: October 15, 2025         /s/ Jane M. Beckering
                                JANE M. BECKERING
                                United States District Judge